Filed 11/3/21  P. v. Molina CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALVARO CAMACHO MOLINA,<br><br>Defendant and Appellant. | F081811<br><br>(Madera Super. Ct.<br>No. MCR054483)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Appellant and defendant Alvaro Camacho Molina was convicted of attempted murder and other charges after shooting into an occupied vehicle. As a result of his first appeal, this court remanded the matter for the trial court to determine whether to exercise its discretion to dismiss the Penal Code section 12022.53[1] firearm enhancements. On remand, the court declined to do so, and defendant filed the instant appeal from that decision. His appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[2]

On August 4, 2016, defendant pulled up next to a Suburban driven by Armando Castro. Defendant's sister, Crystal, was a passenger in the vehicle. Defendant began shooting at them with a handgun. A bullet struck Crystal, rendering her unconscious. Castro rammed defendant's truck, causing it to crash into a light pole and flip. Defendant ran and hid in an orchard, but he was eventually arrested by responding officers.

## PROCEDURAL BACKGROUND

On June 8, 2017, after a jury trial, defendant was found not guilty of count 1, attempted murder of Crystal, and convicted of the lesser included offense of attempted voluntary manslaughter (§§ 664 & 192, subd. (a)); he was convicted of count 2, attempted murder of Castro (§§ 664 & 187, subd. (a)); and count 3, shooting into an occupied motor vehicle (§ 246); with enhancements for personal use of a firearm for count 1 (§ 12022.5, subd. (a)); personal use of a firearm for counts 2 and 3 (§ 12022.53, subd. (b)); personally and intentionally discharging a firearm (§ 12022.53, subd. (c)) for

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] On December 2, 2020, this court granted defendant's motion to take judicial notice of this court's own records in his first appeal, *People v. Molina* (case No. F076733).

count 2; and personally and intentionally discharging a firearm causing great bodily injury to his sister (§ 12022.53, subd. (d)) for count 3.

On December 8, 2017, the court sentenced defendant to an aggregate determinate term of 26 years eight months, consisting of the lower term of five years for count 2, attempted second degree murder of Castro; a consecutive term of 20 years for the section 12022.53, subdivision (c) firearm enhancement, with count 2 designated as the principal term; and a consecutive term of one year eight months (one-third the midterm of five years) for count 3, shooting at an occupied vehicle. The court imposed a consecutive indeterminate term of 25 years to life for the section 12022.53, subdivision (d) firearm enhancement attached to count 3 and stayed the terms on count 1 and the remaining enhancements.

On December 13, 2017, defendant filed a notice of appeal.

**First appeal**

On December 31, 2019, this court filed the nonpublished opinion in defendant's first appeal. (*People v. Molina* (Dec. 31, 2019, F076733) [nonpub. opn.].) Defendant argued that since the aggregate term imposed for count 3 was greater than that imposed for count 2, the court erroneously selected count 2 as the principal term and he should be resentenced. We rejected this argument. (*Id*. at pp. 4–6.)

Defendant also argued, and the People conceded, that the matter should be remanded for the court to determine whether to exercise its discretion to dismiss the section 12022.53 firearm enhancements, pursuant to subsequent amendments granting such discretion as enacted by Senate Bill No. 620, effective on January 1, 2018, and applied retroactively. (2017–2018 Reg. Sess.) (Stats. 2017–2018, ch. 682, §§ 1, 2.) "Since there is no clear indication of the trial court's intent, we agree with the parties that the matter should be remanded to the trial court for it to consider whether to exercise its discretion to strike any of the gun use enhancements it imposed."

3.

**Proceedings on remand**

On remand, defense counsel filed a motion for the court to exercise its discretion to dismiss the firearm enhancement of 25 years to life imposed for count 3, and modify the enhancement imposed for count 2 from 20 years to 10 years. Defendant asserted that modification of his sentence was appropriate because he was provoked by Castro, a convicted felon known to be violent; the circumstances were unusual and not likely to recur because of what defendant believed was a "troublesome" relationship between his sister and Castro; defendant did not initially know his sister was in Castro's car and did not intend to harm her; defendant did not have a prior criminal record; and he displayed good behavior since incarceration.

The prosecution filed opposition and argued there were no circumstances to support modifying defendant's sentence or dismissing the firearm enhancements.

On September 9, 2020, the court held the sentencing hearing on remand. Defense counsel restated his arguments to dismiss and modify the firearm enhancements and requested the court to reduce defendant's aggregate term to 16 years.

The court denied defendant's motion to modify the sentence and reaffirmed the aggregate term previously imposed. The court noted that the jury rejected defendant's version of the incident, and the matter was only remanded to consider resentencing on the enhancements.

"The jury believed … that the defendant was staking out the victim. He was going to kill the victim, but what the defendant did not know was that his sister was going to be in the truck with the victim. The jury found that the defendant tried to kill his own sister, but found that the anger developed right there when he saw his sister. And therefore, they convicted him of attempted voluntary manslaughter. The defendant nevertheless intended to kill both the victim and his sister. He shot his own sister in the head. Luckily, his sister did not die. [¶] The actions in this case are egregious. The Court is

4.

exercising its discretion, and I decline to strike any of the enhancements. The original sentence shall stand."

**Second appeal**

On October 1, 2020, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 28, 2020, we invited defendant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.